IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALESIA GREEN; EVON YOUSIF; ADEL WASEF; JAKLEEN BARSOUM;  LOLA JACKSON;  MARIAN SAID,  ROMONIQUE HAMILTON;  CADO DWIGHT SPATES; DIDIER OKITO; and ELAINE HABIMANA; On Behalf of Themselves and All Others Similarly Situated, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| | § | CIVIL ACTION NO. 3:19-cv-2856 |
| Plaintiffs, | §<br>§ | JURY TRIAL DEMANDED |
| V. | §<br>§ | COLLECTIVE ACTION |
| PURSUIT OF EXCELLENCE, INC.; GLOBAL PARKING SYSTEMS, LLC and: MARIE DIAZ, | §<br>§<br>§ | |
| Defendants. | | |

## COMPLAINT

Plaintiffs, ALESIA GREEN ("Green"), EVON YOUSIF ("Yousif") ADEL WASEF ("Wasef"); JAKLEEN BARSOUM ("Barsoum"), LOLA JACKSON ("Jackson"),  MARIAN SAID ("Said"), ROMONIQUE HAMILTON ("Hamilton"), CADO DWIGHT SPATES ("Spates") DIDIER OKITO ("Okito"), and ELINE HABIMANA ("Habimana") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Complaint against ("PURSUIT of EXCELLENCE, INC. ("POE");  GLOBAL PARKING SYSTEMS, LLC, ("Global") and MARIE DIAZ ("Diaz") (collectively "Defendants"), showing in support as follows:

## I.  NATURE OF THE CASE

1.     This is a civil action brought by Plaintiffs pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") for (a) Defendant's failure to pay Plaintiffs straight-time wages on a  timely basis or not at all, and (c) as regards some of the Plaintiffs,

*Complaint – Page 1*

failure to pay overtime for all hours worked over 40 during each seven day workweek (d) and for legal fees, costs, and Liquidated damages because of Defendants' failure to pay Plaintiffs their wages on a timely basis or for certain workweeks Defendants' failure to pay Plaintiffs any wages for weeks in which they worked 40 or more hours, and (e) for recovery as provided by Texas state law, as set forth below.

2.      Plaintiffs file this lawsuit on behalf of themselves and as a FLSA collective action on behalf of all other similarly situated individuals.

3.      The scope of the individual and collective action claims in this lawsuit is limited to individuals who worked for Defendants at the DFW International Airport for the time period of three years preceding the date this lawsuit is originally filed and forward. Plaintiffs and putative plaintiffs were employed and classified by Defendants as shuttle drivers or parking lot attendants and were all paid an hourly rate of approximately $11 to $12.

4.       Drivers drove multi-passenger shuttle vehicles restricted to the premises of Dallas International Airport. The shuttle Drivers' job was to pick up travelers at Defendants' parking lots and deliver them to terminals to catch their departing flight and shuttle inbound passengers from arriving terminals back to Defendants' parking lots which were all located on the premises of the airport. Shuttle drivers would also shuttle passengers to and from the various terminals and a hotel located on the airport's premises. Those who were employed as lot attendants worked on Defendants' parking lot facilities where Defendants' shuttle passengers parked their vehicles while travelling.

5.      Plaintiffs and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II.      THE PARTIES, JURISDICTION AND VENUE

### A.  THE PLAINTIFFS
#### Plaintiff Alesia Green

6.      Green is a natural person who resides in this judicial District. She has standing to file this lawsuit because during the time she was employed by POE as a lot attendant from approximately February 22, 2016, up until she became an employee of Global on or about October 18, 2019, receiving the same hourly rate and job duties as she had with POE. Green remains an employee of Global as of the time this lawsuit is filed. She has sustained financial damaged due to Defendants' unlawful acts as alleged herein.

7.      During some workweeks she worked for POE and Global, Green received no payment of wages either because POE and/or Global elected not to pay them, or because POE and Global issued her checks that were not honored by the banks upon which they were drawn due to the POE and/or Global not having sufficient funds in their checking accounts. Because POE and Global were not paying Green, she sustained economic damages, such as bank returned check charges, overdraft charges, and inability to meet monthly financial obligations which impacted her credit score with credit rating agencies and good standing with her creditors. Green is claiming overtime because there were workweeks in which she worked hours in in excess of 40 for which she has not been paid as required by the FLSA. Green is also  claiming that Diaz is jointly liable to her for any damages due her under the FLSA as a joint employer pursuant to the Fifth Circuit's economic reality test, as alleged below in more detail below.  Green further avers that Global is liable to her for any damages she sustained by POE under the FLSA based on successor liability, as asserted in more detail below.

**Plaintiff Evon Yousif**

8.      Plaintiff  Yousif is a natural person who resides in this Judicial District. She has standing to file this lawsuit because she was an employee of POE from approximately July 27, 2018, through approximately October 18, 2019, when she was hired by Global and remains so employed up until the date this lawsuit is filed. She was paid an hourly rate during the time she

worked for both companies. During her employment with Defendants Yousef was classified as a lot attendant.

9.      During some workweeks while working for POE and/or Global,  Yousif received no wages either because POE and/or Global elected not to pay her or issued her checks that were returned by the banks upon which they were drawn due to insufficient funds.

10.     Due to POE and/or Global not paying  Yousif for her hours worked, or not paying her timely, she sustained economic damages such as bank returned check charges, overdraft charges, and inability to meet monthly financial obligations which impacted his credit score with credit rating agencies.

11.     In some pay periods, POE and Global were late in paying Yousif her current wages due her, which is a violation of the FLSA. Yousif makes the same claims of joint liability against Diaz and successor liability against Global as made by Green in paragraph 7 above.

**Plaintiff Adel Wasef**

12.      Plaintiff Wasef is a natural person who resides in this Judicial District, He has standing to file this lawsuit because he was an employee of Defendants during the relevant time.

13.      Wasef commenced working for POE on or about August 1, 2018 as a shuttle driver and became an employee of Global on or about October 18, 2019 and remains so employed as of the date this lawsuit is filed. At all relevant times he was paid (or due to be paid) an hourly rate.

14.     During some workweeks Wasef received no wages for working 40 hours or more per week because POE and/or Global elected not to pay him or issued checks to Wasef that were returned due to insufficient funds in POE's/Global's bank account upon which such checks were drawn.

15.     Due to POE and/or Global not paying him, or not paying him timely, Wasef sustained economic damages such as lost pay for the subject pay period, bank returned check

charges, overdraft charges, and inability to meet monthly financial obligations which impacted his relationships with his creditors and his credit score with credit rating agencies.

16.    Wasef also worked hours in excess of 40 during some workweeks for which he was not paid straight time and incorrect overtime rates.

17.    There were also pay periods that were not paid timely.

18.    Wasef makes the same claims of joint liability against Diaz and successor liability against Global as made by Green in paragraph 7 above.

**Plaintiff Jakleen Barsoum**

19.    Barsoum is a natural person who resides in this Judicial District. She has standing to file this lawsuit because she was an employee of POE from approximately July 31, 2018 until October 18, 2019, when she became an employee of Global. At all relevant times she was employed as a lot attendant and paid an hourly rate of compensation.

20.    During some workweeks, Barsoum received no pay from POE and/or Global either because Defendants elected not to pay her, or because Defendants issued pay checks to her that were returned by the Defendants' banks due to insufficient funds in the Defendants' checking accounts.

21.    Due to Defendants not paying Barsoum, she sustained economic damages such as bank returned check charges, overdraft charges, and inability to meet monthly financial obligations which impacted her standing with creditors and her credit score with credit rating agencies.

22.    There were also pay periods during which paychecks were not issued timely, in violation of the FLSA.

23.    Barsoum makes the same claims of joint liability against Diaz and successor liability against Global as made by Green in paragraph 7 above.

**Plaintiff Lola Jackson**

24.     Plaintiff Jackson was employed by POE from approximately March 27, 2019 until October 18, 2019, when she became an employee of Global. During the time she was employed by Defendants, Jackson worked as a shuttle driver and was paid an hourly rate.

25.     Jackson is a natural person who resides in this Judicial District. She has standing to file this lawsuit because at all  relevant times  she has been an employee of POE and/or Global.

26.     During some workweeks, Jackson received no wages for hours worked for Defendants either because Defendants elected not to pay her or issued her paychecks that were returned by Defendants' banks due to insufficient funds in Defendants' bank accounts.

27.     Due to Defendants not paying Jackson, she sustained economic damages such as bank returned check charges, overdraft charges, damaged reputation and relationships with her creditors, and inability to meet monthly financial obligations which impacted his credit score with credit rating agencies.

28.     Defendants were also late in issuing payroll checks for certain pay periods, which is a violation of the FLSA.

29.     Jackson makes the same claims of joint liability against Diaz and successor liability against Global as made by Green in paragraph 7 above.

**Plaintiff Marian Said**

30.     Plaintiff Said is a natural person who resides in this Judicial District. She has standing to file this lawsuit because she was an employee of POE from approximately December 18, 2017, until approximately October 18, 2019 when she became an employee of Global and remains so employed through the date this lawsuit is filed. At all times during her employment with Defendants she has worked as a parking lot attendant and was  paid on an hourly rate.

31.     During some workweeks Said received no wages for her hours worked either because Defendants elected not to pay her, or because defendants issued checks that were returned by Defendants' banks to due to insufficient funds,

32.     Due to Defendants not paying Said for hours she worked, and at other times not paying her timely, she sustained economic damages such as bank returned check charges, overdraft charges, damage to her reputation with her creditors, and inability to meet monthly financial obligations which impacted his credit score with credit rating agencies.

33.     Yousif makes the same claims of joint liability against Diaz and successor liability against Global as made by Green in paragraph 7 above.

34.     There were also certain pay periods during which paychecks were not issued timely by POE and Global.

### Plaintiff Romanique Hamilton

35.      Plaintiff Hamilton is a natural person who resides in this Judicial District.. He has standing to file this lawsuit because he was an employee of POE from approximately July 20, 2019 until October 18, 2019 when he was hired by Global. As of the date this lawsuit is filed, Hamilton continues to work for Global as a Driver. At all times during his employment with Defendants, Hamilton was paid an Hourly rate of $11 to $12.

36.     During some workweeks of his employment with Defendants, Hamilton received no wages either because Defendants elected not to pay him or issued him checks that were returned due to insufficient funds.

37.     Due to Defendants not paying Hamilton and/or paying him late he sustained economic damages such as bank returned check charges, overdraft charges, and inability to meet monthly financial obligations which impacted his credit score with credit rating agencies.

38.     Hamilton makes the same claims of joint liability against Diaz and successor liability against Global as Made by Green in paragraph 7 above.

**Plaintiff Cado Dwight Spates**

39.     Plaintiff Spates is a natural person residing in this Judicial District. He was hired by POE on or about May 24, 18 as a lot attendant and became an employee of Global on or about October 18, 2019. He is paid an hourly rate.

40.      He has standing to file this lawsuit because he was an employee of Defendants at all relevant times and during certain workweeks for which he was not paid wages for hours worked , and in some pay periods he was not paid timely.

41.     During some workweeks Spates received no wages for hours worked, either because Defendants elected not to pay him, or issued checks by Defendants that were returned to Defendants due to insufficient funds in Defendants' bank accounts.

42.     Due to Defendants not paying Spates, he sustained economic damages such as bank returned check charges, overdraft charges, and inability to meet monthly financial obligations which impacted his standing with his creditors and credit score with credit rating agencies.

43.     Spates makes the same claims of joint liability against Diaz and successor liability against Global as made by Green in paragraph 7 above.

**Plaintiff Dieter Okito**

44.      Plaintiff Okito is a natural person who resides in this judicial District. She has standing to file this lawsuit because she was employed by POE as a Driver from July 16, 2018, until approximately October 18, 2019, when she became an employee of Global, where she now remains employed.

45.     Okito was paid an hourly rate when she worked for Defendants.

46.     During some workweeks Okito received no wages either because Defendants elected not to pay her or issued checks to her that were returned due to insufficient funds in Defendants' checking accounts. There were some pay checks that were not paid timely.

47.    Due to Defendants not paying Okito and making some wage payments late, she sustained economic damages such as bank returned check charges, overdraft charges, and inability to meet monthly financial obligations which impacted his standing with her creditors and her credit score with credit rating agencies.

48.    Okito makes the same claims of joint liability against Diaz and successor liability against Global as made by Green in paragraph 7 above.

**Eline Habimana**

49.    Habimana is a natural person who resides in this Judicial District. She has standing to bring this lawsuit because she was employed by Defendants during the relevant time.

50.    During some workweeks,   Habimana received no wages either because Defendants elected not to pay her or issued checks to her that were returned due to insufficient funds in Defendants' checking accounts. There were some pay checks that were not paid timely.

51.    Due to Defendants not paying Habimana and making some wage payments late, she sustained economic damages such as bank returned check charges, overdraft charges, and inability to meet monthly financial obligations which impacted his standing with her creditors and her credit score with credit rating agencies.

52.    Habimana makes the same claims of joint liability against Diaz and successor liability against Global as made by Green in paragraph 7 above.

B.  **THE COLLECTIVE ACTION MEMBERS**

53.    The putative collective action members and/or are all current employees and/or former employees of Defendants who work/worked for them at DFW International Airport, are/were paid an hourly rate, were not paid straight time pay or any compensation for some workweeks or were not paid on a timely basis. All putative collective action members were employed by Defendants as shuttle drivers or lot attendants. All putative collective action

members also suffered defendants' failure to pay them timely. And all were paid an hourly rate of pay between $11and $12 and performed the same job duties as other drivers or lot attendants.

54.     The relevant time period for the claims of the putative collection members is three years preceding the filing of this lawsuit and forward.

55.     All the collective action members are similarly situated to Plaintiffs, and one another, within the meaning of section 216(b) of the FLSA.

**C.  THE DEFENDANTS**
        **DEFENDANT PURSUIT OF EXCELLENCE**

56.     Pursuit of Excellence is a domestic corporation incorporated under the laws of the State of Texas.  It does business on the premises of DFW International Airport, where its employees work.  Its executive offices, where POE may be served with Process, is located at, 10440 N. Central Expressway, Suite 1250, Dallas, Texas 75232.

57.     During all times relevant to this lawsuit, Pursuit of Excellence did business in the State of Texas and this Judicial District.

58.     During all times relevant to this lawsuit, Pursuit of Excellence maintained offices, passenger vehicles, and parking lots on the premises of DFW International Airport, as well as off-premises offices in Dallas, Dallas County, Texas.  All Plaintiffs and putative collection action members worked on/from the Pursuit of Excellence facilities located on the premises of the airport, except for a small number that are/were employed set POE's corporate offices mentioned above.

59.     At all times relevant to this lawsuit, Pursuit of Excellence was/is an enterprise engaged in commerce as defined by the FLSA.

60.     At all times relevant to this lawsuit, up to the date Pursuit of Excellence sold its assets to Global, POE has employed two or more employees.

61.     At all times relevant to this lawsuit, Pursuit of Excellence has employed two or more employees who engaged in commerce and/or worked on goods or materials that have been moved in or produced for commerce by any person.

62.     For example, Pursuit of Excellence employed two or more persons who regularly Engaged in commerce in their daily work. Examples of such commerce include transporting travelers who are arriving from other states and countries and handling those travelers' luggage and other items that have also been shipped via interstate commerce. Other services offered by/provided by Pursuit of Excellence to its customers in Texas and states other than Texas include communications by telephone, mail, and internet.

63.     Furthermore, Pursuit of Excellence employed two or more employees who regularly handled, sold or otherwise worked on goods and or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, parts to maintain shuttle vehicles, and passenger baggage.

64.     On information and belief, always relevant to this lawsuit, Pursuit of Excellence had annual gross sales or business volume of in excess of $500,000.

### **Defendant Global Parking Systems, LLC**

65.     Global is a limited liability company organized under the laws of the State of Louisiana, with its home office located at 6600 Plaza Drive, Suite 307, New Orleans, Louisiana 70128, where it may be served with process. On or about October 18, 2019, Plaintiffs were notified by letter that Global had purchased POE and that they now were employees of Global. Based on the facts that are alleged below, Plaintiffs and putative plaintiffs contend that Global is liable for the damages asserted in this lawsuit pursuant to successor liability in connection to the FLSA.

66.     First, there is substantial continuity between Global and POE. On information and belief, Global assumed the only contract that POE had at the time, a service contract that

POE had with the airport to provide shuttle and parking services. Global acquired substantial and primary business assets of POE. Global's business at the airport evinces a total continuation of POE's business as it existed before the sale by POE to Global.

67.     Second, as of October 18, 2019, Global begin to employ nearly all POE's employees, such as management personnel, shuttle drivers, lot attendants, dispatchers and utility personnel, and utilized POE's vehicles and equipment.

68.     Third, Global had notice of potential liability for unpaid wages to at the time of the sale to it from POE, as well as notice of POE' inability or unwillingness to pay those wages. Upon its purchase of the assets of POE, Global announced in writing and verbally to POE's employees that it had no responsibility for paying the damages complained of in this lawsuit.

69.     Finally, the overall equities support the imposition of successor liability, should such a showing be required. There was no material change in management., employees, facilities, scope of operations, customer base, equipment needed to provide the services required by the airport, or terms and conditions of employment relative to the business  Further, at the time of the sale to Global, POE lacked the financial resources to pay Plaintiffs all their wages due them but, on information and belief, Global had and continues to have the necessary financial resources to make those payments to Plaintiffs.

70.     Plaintiffs reserve the right to supplement or amend successor liability claims after discovery.

71.     Global is an enterprise engaged in commerce as defined by the FLSA.

72.     Global employs/employed two or more employees during all times relevant to this lawsuit.

73.     On information and belief, always relevant to this lawsuit, Global has had annual gross sales or business volume in excess of $500,000.

74.     Global has employed and continues to employ two or more employees who are engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

75.     For Example, Global employed two or more persons who regularly engaged in commerce in their daily work. Examples of such commerce include transporting travelers who are arriving from other states and countries and handling those travelers' luggage and other items that have also been shipped via interstate commerce. Other services offered by/provided by Global to its customers in Texas and states other than Texas include communications by telephone, mail, and internet, and purchasing supplies and parts for repair of vehicles and equipment.

76.     Furthermore, Global employed two or more employees who regularly handled, sold or otherwise worked on goods and or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, parts to maintain shuttle vehicles, and passengers' baggage.

### Defendant Marie Diaz

77.     Diaz is the founder of POE. She is also the sole director and Chief Executive Officer of POE. She has authority to set wages, as well as power to hire and fire employees. Diaz decides when and whether employees will be paid in any workweek.  Diaz personally signed payroll checks. She is also in charge of POE's books and records and work schedules She makes all financial decisions on behalf of POE. Diaz may be served with process at the corporate offices of POE at 10440 N. Central Expressway, Suite 1250, Dallas, Texas 75232

### D.     Jurisdiction and Venue

78.     This Court has subject matter jurisdiction over Defendants pursuant to 29 U.S.C. § 216(b) (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction based on both general and specific jurisdiction).

79.     During times relevant to this lawsuit, POE and Global have done, and continue to the date this lawsuit is filed, to do business in the State of Texas and within this Judicial District.

80.     All plaintiffs, putative plaintiffs and Defendants either work in or do business in this judicial district or both.

### III.     FACTUAL BACKGROUND

81.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

82.     Plaintiffs primarily provide transportation services for outbound and inbound passengers at DFW International Airport, who often park on remote parking lots provided by Defendants, as well as move passengers from and to different terminals and the on-premises hotel.   The passengers are transported by multi-passenger vehicles owned and operated by Defendants. Plaintiffs are mostly employed by Defendants as shuttle drivers and parking lot attendants. A small number are employed as dispatchers, and utility personnel.

83.     During the relevant time Defendants refused to pay their employees for certain workweeks and, after multiple demands, have continued in that refusal to pay those wages as of the date hereof. In some workweeks, Defendants issued checks for payment of wages when they had insufficient funds in their bank accounts to cover those wage-payment checks, resulting in financial and emotional distress to Plaintiffs and putative plaintiffs. In some instances, defendants were late in paying their employees, thereby giving rise to additional violations of the FLSA.

84.     Defendants refusal to pay for the work done by Plaintiffs and putative plaintiffs creates multiple violations of the FLSA and various state statutes.

85.     Global purchased the assets of POE in the first half of October 2019, but it too failed to pay Plaintiffs wages or in some instances, when it did pay, those paychecks were not made timely.

## IV.     FLSA CLAIMS

86.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

87.     All conditions precedent to this suit, if any, have been fulfilled.

88.     At relevant times, Pursuit of Excellence is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

89.     At relevant times, Global is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

90.     At relevant times, Pursuit of Excellence is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

91.     At relevant times, Global is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

92.     Each Plaintiff and putative class member who works/worked for POE providing transportation services at DFW International Airport is/was an employee of POE. 29 U.S.C. § 203(e).

93.     Each Plaintiff and putative class member who works/worked for Global providing transportation services and support is/was an employee of Global. 29 U.S.C. § 203(e).

94.     Plaintiffs and the putative class members are/were paid an hourly rate of pay by POE and Global.

95.     Plaintiffs and the putative collective action members were not paid any straight time pay or minimum wages while employed by POE and Global during certain workweeks of the time period relevant to this lawsuit.

96.     There were workweeks in which Defendants paid Plaintiffs , but those payments were not made timely, as required by the FLSA.

97.     POE and Global are/were required to pay Plaintiffs and the putative class members their straight-time or minimum wages for all hours they worked under 40 per workweek and one and one-half times their regular rate of pay for all overtime hours worked.

98.     Upon information and belief, POE and Global failed to pay certain Plaintiffs and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked under 40 in each workweek during the time period relevant to this lawsuit.

99.     The putative collective action members are/were similarly situated to the Plaintiffs and to each other under the FLSA. 29 U.S.C. § 203(e).

100.    POEs violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). For example, and as described above in detail, POE made a conscious decision not to pay Plaintiffs' and putative plaintiffs' straight-time wages for certain workweeks during the relevant time.  POE was aware that Plaintiffs and the putative collective action members were not paid for all straight-time hours worked in certain workweeks. Global, prior to taking over POE, was aware that POE had failed to pay Plaintiffs their straight-time wages for certain workweeks during the relevant time.  Plaintiffs and putative plaintiffs and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

101.    POE and Global failed to pay Plaintiffs and putative plaintiffs wages on a timely basis, which entitles Plaintiffs and putative plaintiffs to recover liquidated damages equal to an amount of the late-paid wages.

102.    Plaintiffs and the putative collective action members seek all damages available for POEs and Global's failure to timely pay all straight-time wages owed.

103.    As described above, Global bears successor liability pursuant to the FLSA for POE's violations of the FLSA. *See Washington v. Patterson-UTI Energy, Inc.*, No. 5:16-CV-130-RP, 2016 WL 3081060, at *3 (W.D. Tex. May 31, 2016).

## V.      FLSA COLLECTIVE ACTION

104.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

105.    Where, as here, the employer's actions or policies were effectuated on a company-wide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. Super Media Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (Boyle, J.) (same).

106.    Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of themselves and all current and former shuttle drivers and parking lot attendants workers (1) who are/were employed by POE and/or Global at DFW International Airport as shuttle drivers and   lot attendants who are/were (2)  not paid their wages earned, on a timely basis, and (3) who were not paid overtime compensation owed for all hours worked over 40 in each and every workweek.

107.    Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

108.    Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

109.    As stated above, Global bears successor liability about the claims of the putative collective action members. *See Washington v. Patterson-UTI Energy, Inc.*, No. 5:16-CV-130-RP, 2016 WL 3081060, at *3 (W.D. Tex. May 31, 2016).

## VI.    UNPAID WAGES

110.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

111.    The FLSA requires that employees be paid not less than $7.25 per hour or the amount of compensation agreed upon with their employer. Here, POE and Global failed to do so, thereby giving rise to a claim by Plaintiffs and putative plaintiffs against Defendants, jointly and severally, for recovery of those unpaid wages, for which Plaintiffs now sue.

## VII.    LIQUIDATED DAMAGES UNDER FLSA

112.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

113.    While there is no provision in the FLSA that employers must pay an employee's wages on a specific time, it has long been the position of the U.S. Supreme Court, numerous Federal Appellate Courts, and the Secretary of Labor that wages must be paid on a timely basis. In this lawsuit it is indisputable that Defendants willfully failed to pay Plaintiffs' wages on a timely basis, thus entitling Plaintiffs to liquidated damages equal to a sum in the amount of wages recovered, for which Plaintiffs now sue.

## VIII.    JOINT EMPLOYMENT LIABILITY OF DIAZ

114.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

115.    Diaz meets the economic reality test announced by Fifth Circuit because she independently exercised control over the work situation of POE's employees in that (1) she possessed the power to hire and fire employees (2) set work schedules of employees, (3), established methods and procedures of how Employees would accomplish their work, (4) establish how much POE's employees would be paid for their services, (5) determined when and whether POE's employees would be paid for a certain work week, (6) she was an officer and sole

director of the company, was able to withdraw funds from the company when she determined in her sole opinion that it was appropriate to do so, and (7) maintained control of POE's books and records.  For these reasons, Plaintiffs bring this lawsuit, in part, to establish that Defendant Diaz is liable as a joint employer to Plaintiffs and putative plaintiffs for the damages sustained by them under the FLSA.

## IX.    SUCCESSOR LIBILITY

116.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

117.    Plaintiffs allegations asserted above, if proven, support a judgment against Global for liquidated damaged equal in an amount of Plaintiffs' unpaid and/or late-paid wages because (1) Global had notice of POE's non-payment and late payment of wages prior to the time that Global acquired the assets of POE; (2) POE did not, and continues as of the date this lawsuit is filed, to have the financial ability to pay the wages due its employees at the time POE sold its assets to Global; and (3) there has been a substantial continuity of business operations between Global and POE. For these reasons Plaintiffs' seek recovery of their economic damages as provided under the FLSA.

## X.    TEXAS THEFT LIABILITY ACT--PUNITIVE DAMAGES

118.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

119.    Further, Plaintiffs and putative plaintiffs are entitled to exemplary damages, which are not limited on the amount because Defendants knowingly and intentionally committed conduct described as theft, the punishment level for which is a felony of the third degree or higher. Tex. Civ. Prac. & Rem. Code §§ 41.008(c)(13); Tex. Penal Code§§ 31.03(c)(5).

## XI.    LEGAL FEES AND COSTS

120.   Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

121.   Plaintiff are entitled to recover their reasonable and necessary attorney's fees and costs of Court under 29 U.S.C. § 216(b), and Chapter 38 of the Texas Practice and Remedies Code.

## XII.   <u>JURY DEMAND</u>

122.   Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

123.   Plaintiffs demand a jury trial.

## XIII.   <u>PRAYER</u>

124.   Plaintiffs ask that the Court issue a summons for Global, POE and Diaz to appear and answer, and that Plaintiffs and the Collective Action Members be awarded a judgment against Defendants or order(s) from the Court for the following:

   a.   An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

   b.   All damages allowed by the FLSA, including back wages and overtime wages;

   c.   Liquidated damages in an amount equal to back FLSA mandated wages;

   d.   Legal fees;

   e.   Costs;

   f.   Post-judgment interest;

   g.   Damages for misappropriation under the Texas Theft Liability Act, including exemplary damages and attorney fees under that statute.

   g.   All other relief to which Plaintiffs and the Collective Action Members are entitled.

[Signature Page Follows.]

Respectfully submitted,

By:    s /Roger D. Marshall           
            Roger D. Marshall
            Texas Bar No. 13040000
            10604 Corvallis Dr.
            Dallas, Texas 75229
            Telephone 214-850-1989
            Fax: 214-363-4833

ATTORNEY FOR PLAINTIFFS

*Complaint – Page 22*